Filed 1/31/25  P. v. Traylor CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099916 |
| Plaintiff and Respondent, | (Super. Ct. No. CR113859) |
| v. | |
| MELVIN TRAYLOR, | |
| Defendant and Appellant. | |

Defendant Melvin Traylor appeals the summary denial of his petition for resentencing under Penal Code section 1172.6 (statutory section citations that follow are found in the Penal Code unless otherwise stated).  He argues the resentencing court erred in denying his petition as successive.  Whether or not it was error to deny the petition as successive, defendant remains ineligible for relief under section 1172.6.  We affirm the court's order.

1

FACTS AND HISTORY OF THE PROCEEDINGS

The events that gave rise to defendant's convictions are summarized in *People v. Traylor* (Nov. 16, 1994, C015984) (nonpub. opn.) (*Traylor I*). We treat the People's request for judicial notice of our prior opinion in *Traylor I*, *supra*, C015984, as a motion to incorporate the opinion by reference and grant the motion. Although we do not rely on the factual summary in *Traylor* to conduct our review, we recount some background facts to provide context.

A.      Charges and Trial

In July 1992, the People charged defendant with murder (§ 187). The People alleged defendant was armed with a firearm (§ 12022, subd. (a)) and personally used a firearm during the commission of his crime (§ 12022.5, subd. (a)). The People also alleged defendant served prior prison terms (§ 667.5, subd. (b)).

At trial, the prosecution presented evidence that in the early morning hours of January 25, 1992, defendant and M. Robinson were drinking alcohol in C. Robinson's apartment. (*Traylor I*, *supra*, C015984.) M. Robinson began taunting defendant about his clothes and hair; defendant appeared angry and upset. (*Ibid.*) By 3:30 a.m., M. Robinson was tired and wanted to leave. (*Ibid.*) M. Robinson, defendant, and two others left in defendant's car. M. Robinson fell asleep in the back seat. (*Ibid.*)

Defendant stopped at an apartment complex, got out of the car, and said he was going to see about a gun. (*Traylor I*, *supra*, C015984.) Defendant came back to the car with another man, whom he did not introduce and who said nothing. (*Ibid.*) Defendant dropped two of his passengers off at their cars around 3:45 a.m. (*Ibid.*) At 5:00 a.m. he returned alone to the apartment he was sleeping in. (*Ibid.*)

M. Robinson's body was discovered in a field around 10:00 a.m. (*Traylor I*, *supra*, C015984.) He was killed between 4:00 a.m. and 6:00 a.m. (*Ibid.*) In a subsequent search of defendant's car, law enforcement found traces of M. Robinson's

blood along with defendant's pager. (*Ibid.*) Three days after the murder, defendant fled to Georgia where he was later found, interviewed, and ultimately arrested. (*Ibid.*)

At trial, the court instructed the jury on the elements of first-degree murder using CALJIC 8.10. According to the instruction, to find defendant guilty of murder, the prosecution had to prove that a human being was killed, the killing was unlawful, and the killing was done with malice aforethought.

The trial court instructed the jury that a person may be guilty of a crime either as the perpetrator who "directly and actively" committed the crime or as an aider and abettor of the perpetrator. Using CALJIC 3.01, the court instructed the jurors that, to find a defendant guilty of a crime based on aiding and abetting, the prosecution had to prove that: (1) with knowledge of the unlawful purpose of the perpetrator and (2) with the intent or purpose of committing, encouraging, or facilitating the commission of the crime, by act or advice aides, promotes, encourages or instigates the commission of the crime.

The court did not instruct the jury on theories of felony murder or the natural and probable consequences doctrine.

B.       Judgment and Appeal

In March 1993, the jury found defendant guilty of first-degree murder and found true the allegation that he personally used a firearm during the commission of his crime. The remaining firearm enhancement was stricken on the People's motion.

In a bifurcated proceeding, the trial court found true the prior prison term allegations and sentenced defendant to a term of 25 years to life for the murder conviction, five years for the personal use of a firearm, and an additional year for one of the prior prison terms.

Defendant appealed, raising claims of evidentiary and instructional error. (*Traylor I*, *supra*, C015984.) This court affirmed the judgment. (*Ibid.*)

### C.    2019 Resentencing Petition

In March 2019, defendant filed a petition for resentencing under former section 1170.95. The People moved the resentencing court to dismiss the petition. In support of their motion, the People argued defendant was the actual killer and thus not eligible for relief. The People separately moved to dismiss the petition arguing that Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437) was unconstitutional.

On November 18, 2019, defendant's counsel filed a "petitioner's brief on the merits." The brief said only this: "According to the Probation Report and the Opinion of the Court of Appeal, the jury found that the Defendant was the one who shot and killed the victim.

"Based upon the foregoing, Defendant respectfully submits this matter on the entire record contained in the Superior Court file."

Through counsel, defendant also filed two briefs opposing the People's motion to dismiss his resentencing petition. In one, defendant argued that Senate Bill No. 1437 was constitutional. In the second, defendant argued that "[t]he form declaration with a check the boxes format challenged here accurately sets forth the statutory requirements to establish [a] prima facie showing of eligibility for resentencing consideration, and petitioner's declaration under penalty of perjury contained in it fully satisfies those requirements." Defendant should not, he argued, be required to show more than that.

The resentencing court granted the People's motion to dismiss the petition: "Based on the facts of the underlying conviction and applicable law, the People's motion to dismiss the petition because of petitioner's lack of eligibility is granted. It is undisputed that petitioner was the actual killer so he is not among the class of eligible offenders under . . . section 1170.95. He has also failed to make a prima facie showing of eligibility. For those reasons, the petition for resentencing relief is dismissed."

Defendant did not appeal from that order.

D.  2023 Resencing Petition

In April 2023, defendant filed a second resentencing petition.  The resentencing court appointed counsel for defendant and set a briefing schedule.  In response to defendant's second resentencing petition, the People noted the court already found defendant was not eligible for relief because he was the actual killer.  The People also argued the jury instructions and verdict established defendant either was the killer or directly aided and abetted the killer; either way, he was ineligible for relief.

At the 2023 resentencing hearing, the resentencing court issued a tentative ruling indicating defendant's petition was barred under the doctrine of issue preclusion.  The court said, "we can't bring the same motion in the same court for the same reason and expect different results.  That's the law."  Defendant argued the law changed after the court denied his first petition.  The People argued the law remained the same:  the actual killer was never eligible for relief.  The court affirmed its tentative ruling.

Defendant filed a timely notice of appeal.

## DISCUSSION

Relying on the decision in *People v. Farfan* (2021) 71 Cal.App.5th 942, defendant contends the resentencing court erred in denying his second resentencing petition as successive.  The People disagree; however, the People also argue that even if defendant's second petition were not barred by collateral estoppel, defendant remains ineligible for resentencing under section 1172.6 because he was convicted on a still-valid theory of murder.  We agree with the People; any error in the trial court's ruling was harmless.

A.  Legal Background

Senate Bill No. 1437 narrowed the scope of the felony-murder rule and eliminated the natural and probable consequences doctrine as a basis for murder liability.  (*People v. Das* (2023) 96 Cal.App.5th 954, 959.)  The Legislature adopted the law "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with

5

the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Among other things, the enactment amended section 188 to require that, except in cases of felony murder, a principal convicted of murder "act with malice aforethought." (Stats. 2018, ch. 1015, § 2, subd. (a)(3).) It further provided that malice "shall not be imputed to a person based solely on his or her participation in a crime." (Stats. 2018, ch. 1015, § 2, subd. (a)(3).) It also added a procedure, now codified in section 1172.6, to permit individuals convicted of murder under prior law to request that their conviction be vacated and to be resentenced on any remaining counts. (Stats. 2018, ch. 1015, § 4; *Das*, at p. 959.)

The Legislature's revisions to substantive murder law did not eliminate direct aiding and abetting liability for murder. (*People v. Gentile* (2020) 10 Cal.5th 830, 848, superseded by statute on other grounds as stated in *People v. Wilson* (2023) 14 Cal.5th 839, 869; *People v. Curiel* (2023) 15 Cal.5th 433, 462.) That is because a direct aider and abettor to murder must possess malice aforethought. (*Gentile*, at p. 848.)

As amended (and as relevant here), section 1172.6 provides that a person convicted of murder may file a petition to have their conviction vacated when: (1) the charges filed against the person allowed the prosecution to proceed on a theory of murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime; (2) the person was convicted of murder after trial or accepted a plea in lieu of a trial at which he or she could have been convicted of murder; and (3) the person could not presently be convicted of murder because of changes to section 188 made effective January 1, 2019. (§ 1172.6, subd. (a)(1)-(3).)

After briefing on the petition, the trial court must hold a hearing and determine whether the petitioner has made out a prima facie case for resentencing. (§ 1172.6, subd. (c).) A trial court's inquiry into whether a petitioner has stated a prima facie case is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court takes the petitioner's

6

" ' "factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid.*)  Trial courts may examine the record of conviction to determine whether a petitioning defendant has established a prima facie entitlement to relief.  (*Id*. at pp. 970-972.)  If the jury instructions provided at trial foreclose the possibility, as a matter of law, that a defendant was convicted on a now-invalid theory of murder, the trial court may deny the petition at the prima facie stage.  (See *People v. Curiel*, *supra*, 15 Cal.5th at p. 470.)

We review de novo a trial court's decision to deny a section 1172.6 petition at the prima facie stage.  (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

B.    <u>Analysis</u>

On this record, we conclude, defendant failed to establish a prima face entitlement to relief.  Neither the instructions nor the verdict indicate whether the jury convicted defendant of first degree murder as the perpetrator or as an aider and abettor.  Under either theory, however, the instructions and verdict foreclose the possibility that defendant was convicted of first-degree murder based on imputed malice.

The jury was instructed only on a theory of willful, deliberate, and premeditated murder.  The jury was, therefore, required to find an intent to kill; " 'proof of unlawful "intent to kill" is the functional equivalent of express malice.' " (*People v. Catlin* (2001) 26 Cal.4th 81, 151.)  As a result, if the jury convicted defendant on the theory that he was the direct perpetrator, he is ineligible for relief.

Defendant also is ineligible for relief if his conviction rested on an aiding and abetting theory.  Senate Bill No. 1437 left intact murder liability for direct aiding and abetting.  Direct aiding and abetting requires the prosecution to prove " 'the defendant aided or encouraged the commission of the murder with knowledge of the unlawful purpose of the perpetrator and with the intent or purpose of committing, encouraging, or

7

facilitating its commission.' " (*People v. Curiel*, *supra*, 15 Cal.5th at p. 466.)  Here, the relevant instruction tracks that definition, requiring the People to prove defendant knew of the perpetrator's unlawful purpose, and with "intent or purpose" to did in fact aid, promote, encourage, or instigate the perpetrator's commission of the crime.

In short, whether the resentencing court erred in finding defendant's second resentencing petition barred as a successive petition is harmless because defendant was ineligible for relief based on the record of conviction.  (See *People v. Lewis, supra,* 11 Cal.5th at pp. 971-974 [error is harmless if the record of conviction establishes as a matter of law that defendant is not entitled to relief].)

### DISPOSITION

The order denying defendant's 2023 resentencing petition is affirmed.

_____

HULL, Acting P. J.

We concur:

_____

FEINBERG, J.

_____

WISEMAN, J.*

_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.